UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| KATHY A. BROWN, | ) | No. ED CV 05-00344-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

After Plaintiff's first hearing before an Administrative Law

1  Judge ("ALJ") in March 2004, her request for review to the Appeals
2  Council was granted, and the case was remanded for a second hearing,
3  which occurred in December 2004 before another ALJ. An unfavorable
4  decision resulted (AR 13-17), but the Appeals Council denied review,
5  and Plaintiff now appeals that final decision of the Commissioner.
6      Plaintiff's first argument is that the ALJ failed to consider
7  evidence provided from Plaintiff's sister, Barbara Marquez, who
8  completed a Daily Activities Questionnaire. (AR 178-183.) In
9  particular, Plaintiff asserts that Ms. Marquez evaluated Plaintiff's
10 extent of social activities, noting "an extreme decrease in her
11 emotional state of mind" (AR 182); observations that Plaintiff
12 regularly has trouble finishing things which she starts (Id.); and
13 that she has increased problems with concentration or remembering
14 (Id.). Plaintiff correctly notes that the ALJ failed to discuss Ms.
15 Marquez' observations, and asserts that the law requires that the ALJ
16 may only reject such lay witness testimony if he gives reasons which
17 are germane to each witness whose testimony is rejected. (Motion at 3,
18 citing applicable cases.)
19     In contrast, the Commissioner argues that, first, it is not
20 mandatory that an ALJ discuss lay witness testimony in his decision.
21 While acknowledging that Plaintiff's argument is supported by language
22 in Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993), the
23 Commissioner observes that Dodrill relied on a version of applicable
24 regulations (namely, 20 C.F.R. §§404.1513(e)(2), 416.913(e)(2)) which
25 were revised in 2000 as 20 C.F.R. §§404.1513(e)(4), 416.913(e)(4).
26 The net effect, the Commissioner argues, is that the current
27 regulations provide that consideration of lay testimony is permissive
28 rather than mandatory. The Commissioner's second argument is that Ms.

2

1  Marquez' actual written statement is not material as to the disability
2  issue. (Cross-Motion at 4.0.)  This argument is appealing on two
3  grounds.  First, Plaintiff herself asserts that the ALJ erred by
4  failing to properly consider opinions as to <u>physical</u> disabilities
5  rendered by an examining physician (Issue Two), and a treating
6  physician (Issue Three).  Thus, Plaintiff does not assert to the Court
7  that she is disabled because of a mental impairment which was
8  improperly considered by the ALJ.  In addition to this reason,
9  however, the Court also agrees that it is not incumbent upon an ALJ to
10 discuss every item of evidence in a record.  <u>See</u> <u>Vincent v. Heckler</u>,
11 739 F.2d 1393, 1395 (9th Cir. 1984) ("[R]ather, she must explain why
12 'significant and probative evidence has been rejected'").  Here, Ms.
13 Marquez' statements add little of any consequence to the disability
14 evaluation.  Ms. Marquez herself reports that Plaintiff has a high
15 level of activities of daily living, such as assisting her parents
16 with shopping and driving them to appointments as needed; working
17 part-time at a college; spending off-hours in the computer lab at the
18 college; caring for her personal needs without assistance; managing
19 her own financial affairs; doing her own laundry and assisting her
20 parents with housecleaning; regularly going to work, to a friend's
21 home; and finally, attending church with her niece. (AR 178-180.) The
22 isolated observations highlighted by Plaintiff's Motion, when looked
23 at in context of the very detailed report by Ms. Marquez, indicate
24 that Mr. Marquez' observations as to any possible impairments were
25 minimal.  Moreover, these observations conflicted with the results of
26 a consultative psychological evaluation which Plaintiff underwent in
27 September 2004, which is extensively discussed by the ALJ in his
28 Opinion. (<u>See</u> AR at 15-16.)  For all of these reasons, the Court finds

3

no merit in Plaintiff's first argument.

Plaintiff next asserts (Motion at 4, et seq.), in her second issue, that the ALJ failed to properly consider the opinion of an examining physician, Dr. Lin.  Dr. Lin performed a complete internal medicine evaluation ("CE") on September 8, 2004 at the request of the Department of Social Services, and rendered a report (AR 401-405), and an accompanying document entitled "Medical Source Statement of Ability to Do Work-Related Activities (Physical)." (AR 406-409.)  Plaintiff's interpretation of Dr. Lin's report is that he assessed limitations which would cause her to be capable of less than sedentary work, since these limitations comprise an ability to sit, stand or walk less than eight hours in a total work day. (Motion at 4.)  Plaintiff's argument is at odds with the ALJ's evaluation of Dr. Lin's opinion. (See AR at 15.)  Dr. Lin assessed that Plaintiff was capable of light work for, as the ALJ noted, Dr. Lin concluded that Plaintiff had the ability to lift and carry 50 pounds occasionally and 25 pounds frequently, she could stand and walk for at least two hours of an eight-hour work day and sit for two hours, and had no other exertional limitations.  While Plaintiff focuses on the limitations of sitting as affected by Plaintiff's impairment, in fact, Dr. Lin specifically excluded the impairment as a cause of any sitting limitations. (See AR at 407.)  This fact was incorporated in the ALJ's hypothetical to the vocational expert at the hearing. (See AR at 80.)  Thus, the issue raised by Plaintiff is a discrepancy in the evidence; that is, whether Plaintiff's impairment limits her to two hours of sitting, or whether the impairment has no relation to her ability to sit.  The ALJ was within his province in accepting Dr. Lin's opinion that Plaintiff's sitting was unaffected by her impairments.  See Andrews v. Shalala, 53

4

F.3d 1035,1039 (9th Cir. 1995). The Court also observes that the ALJ's opinion is consistent with the totality of the physical findings revealed by Dr. Lin's examination. It is noted that Dr. Lin found no postural or manipulative limitations. (AR 407-408.)

Plaintiff's third argument is that the ALJ did not properly consider the opinion as to disability submitted by her treating physician, Dr. Johnson. (Motion at 5, et seq.) Plaintiff notes that Dr. Johnson limited her to standing and walking less than two hours in an eight-hour day, and sitting less than two hours during a work day. (AR 412.) Dr. Johnson also anticipated that because of Plaintiff's impairments or treatment, she might be absent from work more than three times a month. (AR 414.)

The ALJ rejected Dr. Johnson's opinion because it was not supported by clinical evidence, and in fact was rebutted by other clinical evidence in the record. (AR 16.) Even accepting that Dr. Johnson is a treating physician, his only appearance in the record is through a three-page form in which he rendered his opinion. (AR 412-414.) In fact, there are no clinical records whatsoever indicating any examination which would be supportive of his opinion. It is clear that the opinion of a treating physician may be rejected because it is clinically unsupported. (See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Further, it was appropriate for the ALJ to rely upon conflicting opinions of examining sources on the issues discussed by the treating physician. Here, the ALJ relied upon the opinion of the examining physicians, Drs. Lin and Taylor. (AR 16.) Plaintiff also asserts, in passing, that the ALJ improperly evaluated the opinion of Nurse Ronay. (Motion at 7.) Plaintiff fails to acknowledge the clear fact that Nurse Ronay is not an acceptable medical source under the

Commissioner's regulations, (<u>See</u> 20 C.F.R. §§404.1513(a), (d), 416.913(a), (d) (2005).) <u>See</u> <u>also</u> <u>Bunnell v. Sullivan</u>, 912 F.2d 1149, 1152 (9th Cir. 1990), <u>modified on other grounds</u>, 947 F.2d 341 (9th Cir. 1991)(<u>en</u> <u>banc</u>).  In any event, Nurse Ronay explicitly stated that she is not a qualified occupational evaluator, and that she completed a form (AR 381-383) which was "filled out per patient report." (AR 383.) As such, even if Nurse Ronay were a qualified medical source, her own report indicates that the conclusions in it are based on Plaintiff's own reporting, rather than constituting an independent opinion.

For the foregoing reasons, the Court affirms the decision of the Commissioner, denies Plaintiff's Motion for Summary Judgment, grants Defendant's Cross-Motion for Summary Judgment, and orders that this matter be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:  January 11, 2006

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE